IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

Tito Lemont Knox,                          )
                                           )
                    Plaintiff,             )        C.A. No. 9:07-283-HMH-GCK
                                           )
        vs.                                )        **OPINION & ORDER**
                                           )
Officer Rt. Graham and Dept. Garner,       )
                                           )
                    Defendants.            )

This matter is before the court with the Report and Recommendation of United States Magistrate Judge George C. Kosko, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina. Tito Lemont Knox ("Knox"), a federal prisoner proceeding pro se, alleges that the Defendants violated his constitutional rights and brings this action pursuant to 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Kosko recommends granting the Defendants' motions for summary judgment and mooting Knox's motion to compel.

## I. Factual and Procedural Background

Knox is currently detained at the Federal Medical Center in Rochester, Minnesota. On June 13, 2005, Greenville County officers arrested Knox after receiving a report of a suspicious person discharging a firearm. (Knox's § 2241 Pet. Attach. (Incident Report).) After observing Knox lying on the ground and running his hand along a rope, which Knox referred to as a snake, Sheriff's Deputy Travis Graham ("Deputy Graham") asked Knox if he had a gun. (Id.) Knox stated that he had a BB rifle in his truck, which Deputy Graham retrieved. (Id.) In addition, Deputy Graham retrieved a .357 magnum Ruger revolver from Knox during a search performed

after neighbors informed Deputy Garner that Knox had a mental condition and a handgun on his person that he had previously fired toward the roadway before Deputy Graham's arrival.  (Id.)

As a result of the above events, Knox was indicted in criminal case number 6:06-269 in this court for possession of a firearm by a convicted felon on March 14, 2006.  Knox moved to suppress evidence of the .357 revolver on the ground that it was discovered during a warrantless search not covered by any exception to the warrant requirement.  On June 19, 2007, the court found that the search of Knox was constitutional and denied Knox's motion to suppress.

Later the same day, this court conducted a bench trial and, based on the facts of the case and a report regarding Knox's mental examination, found Knox competent to proceed but not guilty by reason of insanity.  On June 21, 2007, the court ordered Knox to be committed for treatment until he was no longer a threat to himself or others pursuant to 18 U.S.C. § 4243.

Knox filed the instant action on June 18, 2007,[1] alleging that the June 13, 2005, search violated his Fourth Amendment rights and as a result his civil rights have been violated.  The Magistrate Judge entered his Report and Recommendation on May 8, 2008, recommending, that the Defendants' motion for summary judgment be granted.  Knox filed objections to the Report and Recommendation on May 19, 2008.[2]

## II. DISCUSSION OF LAW

Knox filed objections to the Report and Recommendation on May 19, 2008, and filed amended objections on May 23, 2008.  Failure to file specific objections constitutes a waiver of a

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] See id.

2

party's right to further judicial review, including appellate review, if the recommendation is

accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir.

1984).  In the absence of specific objections to the Report and Recommendation of the Magistrate

Judge, this court is not required to give any explanation for adopting the recommendation.  See

Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that the majority of Knox's objections are non-specific,

unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or

merely restate his claims.  However, the court was able to glean two specific objections.

First, Knox objects to the Magistrate Judge's recommendation to grant the Defendants'

motions for summary judgment on the basis that Knox's § 1983 claim is collaterally estopped.

Knox alleges that his claim is not collaterally estopped because he was not provided a full and fair

opportunity to litigate whether his Fourth Amendment rights were violated by the Defendants

when they entered his uncle's property, searched Knox, and seized the gun.

"Defensive collateral estoppel occurs when a defendant seeks to prevent a plaintiff from

asserting a claim the plaintiff has previously litigated and lost against another defendant."

Thurston v. United States, 810 F.2d 438, 445 (4th Cir. 1987).  "Collateral estoppel may be used

defensively if the plaintiff had a full and fair opportunity to litigate the issue in the previous suit."

Id.  Knox alleges that he was denied a full and fair opportunity to litigate these issues because

> the facts in this case has seriously changed, The arresting officer did not recieve a
> dispatch to that location and targeted plaintiff because plaintiff was a "blackmale"
> and the arresting officer was not investigating a incident, The Incident reports
> should have been held inadmissible multiple Hearsay and fabricated allegations
> plaintiff was subjected to a unfair hearing and was unable to subpoena witnesses
> being plaintiff recieved a letter from attorney stating this was only a pretrial
> conference.

(Objections 4.) (Errors in original).  On June 19, 2007, the court held a hearing on Knox's motion

to suppress, arguing that the search and seizure of the weapon violated his Fourth Amendment

rights.  Knox and Graham testified at the hearing.  The court concluded that the seizure was

proper because the officers were responding to a call stating that someone was shooting near a

public roadway.  The officers discovered Knox acting strangely and found Knox in possession of

a firearm.  (Tr. Mot. Suppress Hr'g 15-16.)  Because Knox raises the same issues in the instant

case that he raised in the motion to suppress hearing in front of this court and because he had a

full and fair opportunity to litigate these issues, Knox is collaterally estopped from bringing a

Fourth Amendment claim regarding the search and seizure.

Second, Knox objects to the Magistrate Judge's finding that the Defendants are entitled to

qualified immunity.  Qualified immunity applies to government officials performing discretionary

functions.  This immunity is granted only to the extent that "[the government official's] conduct

does not violate clearly established statutory or constitutional rights of which a reasonable person

would have known." Norwood v. Bain, 166 F.3d 243, 252 (4th Cir. 1999) (internal quotation

marks omitted).  Knox alleges that the officers are not entitled to qualified immunity because they

created false incident reports and Deputy Graham knew he was trespassing on private property.

(Objections 5-7; Am. Objections, generally.)  Knox provides no basis to support these allegations.

The Defendants acted with probable cause to detain and arrest Knox.  There is no evidence that

the Defendants knowingly violated Knox's constitutional rights.  Based on the foregoing, the

Defendants are entitled to qualified immunity.  Therefore, after a thorough review of the

Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Kosko's

Report and Recommendation.

4

Therefore, it is

**ORDERED** that Deputy Graham's motion for summary judgment, docket number 50, is granted. It is further

**ORDERED** that Deputy Garner's motion for summary judgment, docket number 82, is granted. It is further

**ORDERED** that Knox's motion to compel, docket number 93, is denied as moot.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
May 27, 2008

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.